## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB, COAL RIVER MOUNTAIN WATCH, OHIO VALLEY ENVIRONMENTAL COALITION, DEFENDERS OF WILDLIFE<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL M. ASHE, Director, U.S. Fish and Wildlife Service,<br>S.M.R. JEWELL, Secretary of the Interior,<br>U.S. FISH AND WILDLIFE SERVICE<br><br>Defendants,<br><br>and<br><br>AMERICAN FOREST & PAPER ASSOCIATION, *et al.*,<br><br>Defendant-Intervenors. | Case Number: 1:15-cv-00477-EGS<br>Honorable E.G. Sullivan |

## FEDERAL DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FILED BY CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB , COAL RIVER MOUNTAIN WATCH, AND OHIO VALLEY ENVIRONMENTAL COALITION

Defendants Daniel M. Ashe, Director of the United States Fish and Wildlife Service; S.M.R. Jewell, Secretary of the United States Department of the Interior; and the United States Fish and Wildlife Service ("Service") (collectively, "Federal Defendants") respond as follows to the First Amended Complaint for Declaratory and Injunctive Relief filed by Center for Biological Diversity, Sierra Club, Coal River Mountain Watch, and Ohio Valley Environmental Coalition

("Plaintiffs"). The numbered paragraphs and headings of Federal Defendants' Answer correspond to the numbered paragraphs and headings of Plaintiffs' First Amended Complaint.

**INTRODUCTION**

1.      The allegations in Paragraph 1 that Plaintiffs are: "[s]eeking to save northern long-eared bats (*Myotis septentrionalis*) from the brink of extinction, [by] . . . challeng[ing] several decisions by the U.S. Fish and Wildlife Service (Service) pertaining to the bat," are Plaintiffs' characterization of this lawsuit, which requires no response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants deny the remaining allegations in Paragraph 1.

2.      Federal Defendants deny the allegations in the first sentence of Paragraph 2 as vague and ambiguous, but aver that the range of the northern long-eared bat includes the Northeast, Appalachia, and the Midwest, and that northern long-eared bats play a role in controlling insect populations. Federal Defendants deny the allegations in the second sentence of Paragraph 2 as vague and ambiguous, but aver that northern long-eared bat populations have declined and that the decline of the species is due in part to the spread of a fungal bat disease commonly referred to as White-Nose Syndrome. Federal Defendants admit the allegations in the third sentence of Paragraph 2 that, "[t]he Center petitioned in 2010 to protect the northern long-eared bat under the ESA." The remaining allegations in the third sentence of Paragraph 2 purport to describe and characterize Center for Biological Diversity's Petition. Because Center for Biological Diversity's Petition speaks for itself and is the best evidence of their contents, Federal Defendants deny the remaining allegations in Paragraph 2.

3.      Federal Defendants deny the allegations in the first sentence of Paragraph 3 that, "[t]he northern long-eared bat was finally proposed to be listed as endangered in 2013," but aver

that the Service proposed to list the northern long-eared bat as endangered under the Endangered

Species Act ("ESA") on October 2, 2013. 78 Fed. Reg. 61046 (Oct. 2, 2013). The remaining

allegations in the first sentence of Paragraph 3 purport to describe and characterize the Proposed

Rule for Listing the Northern Long-Eared Bat as an Endangered Species, 78 Fed. Reg. 61046 (Oct.

2, 2013) ("Proposed Rule for Listing"), which speaks for itself and is the best evidence of its

contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for

Listing's plain language, meaning, and/or context. Federal Defendants deny the allegations in the

second sentence of Paragraph 3 as vague and ambiguous. Federal Defendants deny the allegations

in the third sentence of Paragraph 3, but aver that the Service proposed a species-specific rule

under the authority of Section 4(d) of the ESA. 80 Fed. Reg. 2,371 (Jan. 16, 2015). Federal

Defendants admit the allegations in the fourth sentence of Paragraph 3 that, "the Service did not

propose to list the northern long-eared bats as threatened." Federal Defendants deny the remaining

allegations in the fourth sentence of Paragraph 3. Federal Defendants deny the allegations in the

fifth sentence of Paragraph 3, but aver that the Service determined threatened species status for the

northern long-eared bat pursuant to the ESA on April 2, 2015. 80 Fed. Reg. 17974 (Apr. 2, 2015).

Federal Defendants deny the allegations in the sixth sentence of Paragraph 3, but aver that listing

a species as threatened under the ESA allows the Service to issue a Section 4(d) rule.

4.     Federal Defendants deny the allegations in the first, second, and third sentences of

Paragraph 4, but aver that the comment periods for the proposed endangered listing allowed for

comments on status recommendation, including whether a different status is more appropriate, and

Federal Defendants received comments suggesting that the species should be listed as threatened.

Federal Defendants deny the allegations in the fourth sentence of Paragraph 4, "[t]he Service

further relied upon a litigation memorandum defining the statutory terms 'in danger of

extinction,'" as vague and ambiguous. Federal Defendants admit the allegations in the fourth sentence of Paragraph 4 that a litigation memorandum "was developed for the polar bear during the pendency of that lawsuit and [the litigation memorandum] was not developed through notice and comment proceedings." The remaining allegations in Paragraph 4 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

5.      Federal Defendants deny the allegations in the first and second sentences of Paragraph 5. The allegations in the third sentence of Paragraph 5 are Plaintiffs' characterization of this lawsuit, which requires no response. To the extent a response is required, Federal Defendants deny the allegations.

6.      Federal Defendants deny the allegations in the first sentence of Paragraph 6 as vague and ambiguous, but aver that the final 4(d) rule for the northern long-eared bat was published in the *Federal Register* on January 14, 2016. 81 Fed. Reg. 1900 (Jan. 14, 2016). Federal Defendants deny the allegations in the second and third sentences of Paragraph 6. The allegations in the fourth sentence of Paragraph 6 are Plaintiffs' characterization of this lawsuit, which requires no response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants deny the allegations in the fifth sentence of Paragraph 6.

7.      Paragraph 7 states Plaintiffs' request for relief, which requires no response. To the extent a response is required, Federal Defendants deny those allegations and further deny that Plaintiffs are entitled to any relief whatsoever.

## JURISDICTION AND VENUE

8.      The allegations in Paragraph 8 are Plaintiffs' characterization of this lawsuit, which requires no response. To the extent a response is required, Federal Defendants deny the allegations.

9.      The allegations in Paragraph 9 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

10.      The allegation in the first sentence of Paragraph 10, "[a]s required by Section 11(g) of the ESA," is a legal conclusion that requires no response. To the extent a response is required, Federal Defendants deny that allegation. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 10, but aver that Federal Defendants received a letter from Center for Biological Diversity styled as a "Notice of Intent to Sue: Violations of the Endangered Species Act ('ESA') in Listing the Northern Long-Eared Bat as Threatened" on September 15, 2015. Federal Defendants deny the allegations in the second sentence of Paragraph 10, but aver that Federal Defendants received a letter from Plaintiffs styled as a "Notice of Intent to Sue Over Violations of the Endangered Species Act ('ESA') in Promulgating the Final 4(d) Rule for the Northern Long-eared Bat" on February 12, 2016.

11.      Federal Defendants deny the allegations in Paragraph 11, but aver that Federal Defendants received a letter from Center for Biological Diversity styled as a "Notice of Intent to Sue: Violations of the Endangered Species Act Significant Portion of Range Policy" on January 16, 2015.

12.      The allegations in Paragraph 12 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

**PARTIES**

13.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny same.

14.      The allegations in the first sentence of Paragraph 14 are Plaintiffs' characterization of this lawsuit, which requires no response. To the extent a response is required, Federal

Defendants deny the allegations. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 14, and therefore deny same. Federal Defendants admit the allegations in the third sentence of Paragraph 14. Federal Defendants deny the allegations in the fourth sentence of Paragraph 14, but aver that Center for Biological Diversity entered into a settlement agreement with the Service in *In re Endangered Species Act Section 4 Deadline Litigation*, 1:10-mc-00377 (D.D.C. 2010), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the settlement agreement's plain language, meaning, and/or context. The allegations in the fifth sentence of Paragraph 14 purport to describe and characterize provisions of the settlement agreement, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the settlement agreement's plain language, meaning, and/or context. Federal Defendants admit the allegations in the sixth sentence of Paragraph 14. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 14, and therefore deny same.

15.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny same.

16.     The allegations in Paragraph 16 are Plaintiffs' characterization of this lawsuit, which requires no response. To the extent a response is required, Federal Defendants deny the allegations.

17.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny same.

18.     The allegations in the first sentence of Paragraph 18 are Plaintiffs' characterization of this lawsuit, which requires no response. To the extent a response is required, Federal

Defendants deny the allegations. Federal Defendants deny the remaining allegations in Paragraph 18.

19.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny same.

20.     The allegations in Paragraph 20 are Plaintiffs' characterization of this lawsuit, which requires no response. To the extent a response is required, Federal Defendants deny the allegations.

21.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 21, and therefore deny same. Federal Defendants deny the remaining allegations in Paragraph 21.

22.     Federal Defendants deny the allegations in the first through fifth sentences of Paragraph 22. The allegations in the sixth sentence of Paragraph 22 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

23.     Federal Defendants admit the allegations in the first sentence of Paragraph 23 that, "Defendant DANIEL M. ASHE is Director of the U.S. Fish and Wildlife Service, a federal agency within the Department of the Interior." Federal Defendants deny the remaining allegations in the first sentence of Paragraph 23 as well as the allegations in the second sentence of Paragraph 23, as vague and ambiguous. Federal Defendants admit the allegations in the third and fourth sentences of Paragraph 23.

24.     Federal Defendants admit the allegations in the first sentence Paragraph 24 that, "Defendant SALLY JEWELL, United States Secretary of the Interior, is the highest-ranking official within the U.S. Department of the Interior." Federal Defendants deny the remaining

allegations in the first sentence of Paragraph 24 as vague and ambiguous. Federal Defendants admit the allegations in the second sentence of Paragraph 24.

25.      Federal Defendants admit the allegations in the first sentence of Paragraph 25 that, "Defendant the U.S. FISH AND WILDLIFE SERVICE is an agency or instrumentality of the United States." Federal Defendants deny the remaining allegations in the first sentence of Paragraph 25 as vague and ambiguous. Federal Defendants admit the allegations in the second sentence of Paragraph 25.

## STATUTORY AND REGULATORY BACKGROUND

### A.      The Endangered Species Act

#### 1.      Listing Species Under the ESA

26.      The allegations in the first sentence of Paragraph 26 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 26 purport to describe and characterize a decision of the United States Supreme Court, *TVA v. Hill*, 437 U.S. 153 (1978), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the decision's plain language, meaning, and/or context.

27.      The allegations in the first sentence of Paragraph 27 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 27 purport to describe and characterize 50 C.F.R. § 402.01, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegations inconsistent with the regulation's plain language, meaning, and/or context.

28.     The allegations in Paragraph 28 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

29.     The allegations in Paragraph 29 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

30.     The allegations in Paragraph 30 purport to describe and characterize the ESA and 50 C.F.R. § 424.11, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or regulation's plain language, meaning, and/or context.

31.     The allegations in Paragraph 31 purport to describe and characterize the United States Department of the Interior's The Meaning of "Foreseeable Future" in Section 3(20) of the Endangered Species Act Memorandum, M-37021 ("M-37021 Memorandum"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the M-37021 Memorandum's plain language, meaning, and/or context.

**a.      The 2014 Significant Portion of the Range Policy**

32.     The allegations in Paragraph 32 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

33.     Federal Defendants deny the allegations in the first sentence of Paragraph 33 as vague and ambiguous. The allegations in the second sentence of Paragraph 33 purport to describe

and characterize a decision of the United States Court of Appeals for the Ninth Circuit, *Defenders of Wildlife v. Norton*, 258 F.3d 1136, 1145 (9th Cir. 2011), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the decision's plain language, meaning, and/or context. Federal Defendants deny the allegations in the third sentence of Paragraph 33 that, "[s]everal efforts to apply and define these terms were vacated by subsequent reviewing courts," as vague and ambiguous. Federal Defendants deny the remaining allegations in the third sentence of Paragraph 33, but aver that the Solicitor of the Department of the Interior issued a formal opinion, often called the M-37013, in 2007. Federal Defendants admit the allegations in the fourth sentence of Paragraph 33.

34.     Federal Defendants admit the allegations in the first sentence of Paragraph 34. The remaining allegations in Paragraph 34 purport to describe and characterize the Draft Policy on Interpretation of the Phrase "Significant Portion of Its Range" in the Endangered Species Act's Definitions of "Endangered Species" and "Threatened Species," 76 Fed. Reg. 76987 (Dec. 9, 2011) ("Draft Policy for Significant Portion of Its Range"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Draft Policy for Significant Portion of Its Range's plain language, meaning, and/or context.

35.     Federal Defendants admit the allegations in the first sentence of Paragraph 35. The remaining allegations in Paragraph 35 purport to describe and characterize the Final Policy on Interpretation of the Phrase "Significant Portion of Its Range" in the Endangered Species Act's Definitions of "Endangered Species" and "Threatened Species," 79 Fed. Reg. 37578 (July 1, 2014) ("Final Policy for Significant Portion of Its Range"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final Policy for Significant Portion of Its Range's plain language, meaning, and/or context.

36.     Defendants deny the allegations in the first sentence of Paragraph 36 that characterize the Service's Final Policy for Significant Portion of Its Range as a "fundamental about-face from the proposed SPR Policy." The remaining allegations in Paragraph 36 purport to describe and characterize the Final Policy for Significant Portion of Its Range, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final Policy for Significant Portion of Its Range's plain language, meaning, and/or context.

37.     The allegations in Paragraph 37 purport to describe and characterize the Draft Policy for Significant Portion of Its Range and Final Policy for Significant Portion of Its Range, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Draft Policy for Significant Portion of Its Range's or Final Policy for Significant Portion of Its Range's plain language, meaning, and/or context.

38.     The allegations in Paragraph 38 purport to describe and characterize the Final Policy for Significant Portion of Its Range, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final Policy for Significant Portion of Its Range's plain language, meaning, and/or context.

39.     The allegations in Paragraph 39 purport to describe and characterize the Final Policy for Significant Portion of Its Range, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final Policy for Significant Portion of Its Range's plain language, meaning, and/or context.

40.     The allegations in the first sentence of Paragraph 40 purport to describe and characterize the Final Policy for Significant Portion of Its Range, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final

Policy for Significant Portion of Its Range's plain language, meaning, and/or context. Federal Defendants deny the allegations in the second sentence of Paragraph 40 that, "[t]he Services provided no public comment opportunity concerning this new interpretation of 'significant portion of its range' provided in the final SPR policy." Federal Defendants aver that there was an opportunity for public comment on the Draft Policy for Significant Portion of Its Range and no further opportunity for public comment was necessary. The remaining allegations in the second sentence of Paragraph 40 purport to describe and characterize the Final Policy for Significant Portion of Its Range, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final Policy for Significant Portion of Its Range's plain language, meaning, and/or context.

### b. The Polar Bear Memorandum

41.     Federal Defendants admit the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 purport to describe and characterize a Court Order in *In re Polar Bear Endangered Species Act Listing*, No. 1:08-mc-764, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Court Order's plain language, meaning, and/or context.

43.     The allegations in Paragraph 43 purport to describe and characterize a Supplemental Explanation for the Legal Basis of the Department's May 15, 2008, Determination of Threatened Status for Polar Bears ("Supplemental Explanation"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Supplemental Explanation's plain language, meaning, and/or context.

44.     Federal Defendants deny the allegations in the first sentence of Paragraph 44, but aver that the Polar Bear Memo was prepared during the course of litigation concerning the listing

of the polar bear at the request of the court and it represents the Service's interpretation of the phrase in danger of extinction generally and as applied to the polar bear. Federal Defendants admit the allegations in the second sentence of Paragraph 44. Federal Defendants deny the allegations in the third sentence of Paragraph 44, but aver that the interpretation of law contained in the Polar Bear Memo was used in the Proposed Rule for Listing the northern long-eared bat as an endangered species, which went through the notice and comment process. *See* 78 Fed. Reg. 61046 (Oct. 2, 2013). Federal Defendants deny the allegations in the fourth sentence of Paragraph 44 as vague and ambiguous.

45.     Federal Defendants deny the allegations in the first and second sentences of Paragraph 45 but aver that the interpretation of law contained in the Polar Bear Memo is the Service's interpretation of the ESA and thus the agency appropriately has applied that interpretation in making the listing determination for the northern long-eared bat and other listing determinations under the ESA. Federal Defendants admit the allegations in the third sentence of Paragraph 45 that, "[t]he Polar Bear Memo has not gone through public notice and comment." As for the remaining allegations in the third sentence of Paragraph 45, Federal Defendants admit that the Polar Bear memo itself was not a part of the supporting materials for the northern long-eared bat proposed rule, but aver that the interpretation of law contained in the Polar Bear Memo was used in making the listing determination for the northern long-eared bat and was in the Proposed Rule for Listing, which went through the notice and comment process. *See* 78 Fed. Reg. 61046 (Oct. 2, 2013). Federal Defendants deny the allegations in fourth sentence of Paragraph 45.

### 2.     The Act's Protections and Section 4(d) Rules

46.     The allegations in Paragraph 46 purport to describe and characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their

contents. Federal Defendants deny any allegations inconsistent with the ESA's or regulations' plain language, meaning, and/or context.

47.     The allegations in the first sentence of Paragraph 47 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context. Federal Defendants deny the allegations in the second sentence of Paragraph 47 as vague and ambiguous. The allegations in the third sentence of Paragraph 47 purport to describe and characterize the ESA and 50 C.F.R. § 17.3, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or regulation's plain language, meaning, and/or context.

48.     The allegations in Paragraph 48 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

49.     The allegations in Paragraph 49 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

50.     The allegations in Paragraph 50 purport to describe and characterize the ESA, 50 C.F.R. § 17.31, and the Reclassification of the American Alligator and Other Amendments, 44 Fed. Reg. 44412 (Sept. 26, 1974), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's, regulation's, or Reclassification of the American Alligator and Other Amendments' plain language, meaning, and/or context.

### 3.      Section 7 Consultations and Conferences

51.      The allegations in Paragraph 51 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

52.      The allegations in Paragraph 52 purport to describe and characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulation's plain language, meaning, and/or context.

53.      The allegations in Paragraph 53 purport to describe and characterize 50 C.F.R. §§ 402.13, 402.14, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, and/or context.

54.      The allegations in Paragraph 54 purport to describe and characterize the ESA and 50 C.F.R. §§ 402.02, 402.14, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or regulations' plain language, meaning, and/or context.

55.      The allegations in Paragraph 55 purport to describe and characterize the ESA and 50 C.F.R. § 402.14, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or regulation's plain language, meaning, and/or context.

### B.      The Administrative Procedure Act

56.      The allegations in Paragraph 56 purport to describe and characterize the ESA and the Administrative Procedure Act ("APA"), which speak for themselves and are the best evidence

of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or APA's plain language, meaning, and/or context.

57.     The allegations in Paragraph 57 purport to describe and characterize the APA, which speaks for itself and is the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the APA's plain language, meaning, and/or context.

58.     The allegations in Paragraph 58 purport to describe and characterize the APA, which speaks for itself and is the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the APA's plain language, meaning, and/or context.

59.     The allegations in Paragraph 59 purport to describe and characterize the APA, which speaks for itself and is the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the APA's plain language, meaning, and/or context.

60. The allegations in Paragraph 60 purport to describe and characterize the APA, which speaks for itself and is the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the APA's plain language, meaning, and/or context.

61.     The allegations in Paragraph 61 purport to describe and characterize the APA, which speaks for itself and is the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the APA's plain language, meaning, and/or context.

**C.     The National Environmental Policy Act**

62.     The allegations in Paragraph 62 purport to describe and characterize the National Environmental Policy Act ("NEPA") and 40 C.F.R. § 1500.1(a), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with NEPA's or the regulation's plain language, meaning, and/or context.

63. The allegations in Paragraph 63 purport to describe and characterize 40 C.F.R. § 1500.1 and a decision of the United States District Court for the District of Columbia, *Nat'l Park and Conservation Ass'n v. Stanton*, 54 F. Supp. 2d 7 (D.D.C. 1999), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulation's or the decision's plain language, meaning, and/or context.

64. The allegations in Paragraph 64 purport to describe and characterize NEPA and 40 C.F.R. §§ 1501.4, 1502.5, 1508.3, 1508.18, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with NEPA's or the regulations' plain language, meaning, and/or context.

65. Federal Defendants admit the allegation in Paragraph 65 that, "[t]he Council on Environmental Quality (CEQ) has promulgated regulations implementing NEPA." The remaining allegations in Paragraph 65 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

66. The allegations in Paragraph 66 purport to describe and characterize 40 C.F.R. §§ 1501.4, 1508.9, 1508.13, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, and/or context.

67. The allegations in Paragraph 67 purport to describe and characterize NEPA and 40 C.F.R. § 1508.27, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with NEPA's or the regulation's plain language, meaning, and/or context.

68.     The allegations in Paragraph 68 purport to describe and characterize 40 C.F.R. § 1507.3, which speaks for itself and is the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulation's plain language, meaning, and/or context.

69.     The allegations in Paragraph 69 purport to describe and characterize 40 C.F.R. §§ 1502.13, 1502.14, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, and/or context.

70.     The allegations in Paragraph 70 purport to describe and characterize 40 C.F.R. §§ 1502.16, 1508.8, 1500.1, 1502.24, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the regulations' plain language, meaning, and/or context.

71.     Federal Defendants admit the allegations in the first sentence of Paragraph 71. The allegations in the second sentence of Paragraph 71 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

72.     The allegations in Paragraph 72 purport to characterize provisions of the ESA and the Department of the Interior's NEPA procedures which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's and the Department of the Interior's NEPA procedures' plain language, meaning and/or context.

## FACTUAL ALLEGATIONS

### A.     The Northern Long-Eared Bat

73.     Federal Defendants admit the allegations in Paragraph 73.

74.     Federal Defendants admit the allegations in the first, second, and third sentences of Paragraph 74. Federal Defendants deny the allegations in the fourth sentence of Paragraph 74, but aver that pup season occurs approximately between June 1 and July 31 each year.

75.     Federal Defendants admit the allegations in the first sentence of Paragraph 75. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 75, and therefore deny same. Federal Defendants deny the allegations in the third sentence of Paragraph 75 as vague and ambiguous.

76.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 76. Federal Defendants admit the allegations in the third sentence of Paragraph 76 that, "[n]orthern long-eared bats move between hibernacula during the winter and may not return to the same hibernacula each year." Federal Defendants deny the remaining allegations in the third sentence of Paragraph 76, but aver that northern long-eared bats have been documented to return to an established group of hibernacula over the long term.

77.     Federal Defendants deny the allegations in the first sentence of Paragraph 77. Federal Defendants deny the allegations in the second sentence of Paragraph 77 but aver that the swarming season fills the time between summer and winter seasons and the purpose of swarming behavior may include the introduction of juveniles to potential hibernacula, copulation, and stopping over sites on migratory pathways between summer and winter regions. Federal Defendants admit the allegations in the third sentence of Paragraph 77.

78.     Federal Defendants admit the allegations in the first sentence of Paragraph 78. The allegations in the second sentence of Paragraph 78 purport to describe and characterize the Threatened Species Status for the Northern Long-Eared Bat with 4(d) Rule, 80 Fed. Reg. 17974 (Apr. 2. 2015) ("Threatened Status and Interim 4(d) Rule"), which speaks for itself and is the best

evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

79.     Federal Defendants admit the allegations in the first sentence of Paragraph 79. Federal Defendants deny the allegations in the second sentence of Paragraph 79 but aver that White-Nose Syndrome is currently documented in 28 out of the 37 states in the northern long-eared bat's range. Federal Defendants deny the allegations in the third sentence of Paragraph 79 as vague and ambiguous.

80.     Federal Defendants deny the allegations in the first and second sentences of Paragraph 80 as vague and ambiguous. Federal Defendants admit the allegations in the third and fourth sentences of Paragraph 80.

81.     Federal Defendants admit the allegations in the first sentence of Paragraph 81. The allegations in the second sentence of Paragraph 81 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

### B.      Protecting the Northern Long-Eared Bat Under the ESA

82.     Federal Defendants admit the allegations in Paragraph 82 that, "[i]n 2010, the Center petitioned the Service to protect northern long-eared bats under the ESA." The remaining allegations in Paragraph 82 purport to describe and characterize Center for Biological Diversity's Petition. Because Center for Biological Diversity's Petition speaks for itself and is the best evidence of their contents, Federal Defendants deny the remaining allegations in Paragraph 82.

83.     Federal Defendants admit the allegations in the Paragraph 83 that, "[o]n September 9, 2011, this Court issued an order approving a settlement agreement between the Center and the

Service." The remaining allegations in Paragraph 83 purport to describe and characterize the settlement agreement entered into in *In re Endangered Species Act Section 4 Deadline Litigation*, 1:10-mc-00377 (D.D.C. 2010), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the settlement agreement's plain language, meaning, and/or context.

84.    Federal Defendants admit the allegations in the first sentence of Paragraph 84. The remaining allegations in Paragraph 84 purport to describe and characterize the Proposed Rule for Listing, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context.

85.    Federal Defendants admit the allegations in the first sentence of Paragraph 85. The allegations in the second sentence of Paragraph 85 purport to describe and characterize the Northern Long-Eared Bat Interim Conference and Planning Guidance ("Interim Conference and Planning Guidance"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the document's plain language, meaning, and/or context.

86.    The allegations in Paragraph 86 purport to describe and characterize the Interim Conference and Planning Guidance, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Interim Conference and Planning Guidance's plain language, meaning, and/or context.

87.    Federal Defendants deny the allegations in Paragraph 87 as vague and ambiguous.

88.    Federal Defendants deny the allegations in the first sentence of Paragraph 88, but aver that Federal Defendants received comments on the proposed listing from members of the

timber industry and energy industry, and many others. Federal Defendants admit the allegations in the first two clauses of the second sentence of Paragraph 88, "[o]n June 30, 2014, the Service took a six-month extension for making its listing decision." The remaining allegations in the second sentence of Paragraph 88 purport to describe and characterize the 6-Month Extension of Final Determination on the Proposed Endangered Status for the Northern Long-Eared Bat, 79 Fed. Reg. 36698 (June 30, 2014) ("6-Month Extension"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 6-Month Extension's plain language, meaning, and/or context. Federal Defendants admit the allegations in the third sentence of Paragraph 88.

89.    Federal Defendants admit the allegations in the first sentence of Paragraph 89. The allegations in the second and third sentences of Paragraph 89 purport to describe and characterize the Proposed Rule and Reopening of Comment Period – Listing the Northern Long-Eared Bat with a Rule Under Section 4(d) of the Act, 80 Fed. Reg. 2371 (Jan. 16, 2015) ("Proposed 4(d) Rule"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed 4(d) Rule's plain language, meaning, and/or context. Federal Defendants admit the allegations in the fourth sentence of Paragraph 89.

90.    Federal Defendants admit the allegations in Paragraph 90 but aver that such NEPA process or review is not required prior to publishing the proposed rule or interim final 4(d) rule.

91.    Federal Defendants admit the allegations in Paragraph 91 that "[o]n March 17, 2015, the Center and other organizations submitted comments to the Service." The remaining allegations in Paragraph 91 purport to describe and characterize the comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the comments' plain language, meaning, and/or context.

### C. The Listing Decision and Interim 4(d) Rule

92. Federal Defendants deny the allegations in Paragraph 92, but aver that the Service listed the northern long-eared bat as a threatened species on April 2, 2015. *See* 80 Fed. Reg. 17974 (Apr. 2, 2015).

93. Federal Defendants admit the allegations in Paragraph 93 but aver that the comment periods for the proposed endangered listing allowed for comments on status recommendation, including whether a different status is more appropriate, and Federal Defendants received comments suggesting that the species should be listed as threatened.

94. Federal Defendants admit the allegations in Paragraph 94.

95. Federal Defendants deny the allegations in the first sentence of Paragraph 95. The remaining allegations in Paragraph 95 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

96. Federal Defendants deny the allegations in Paragraph 96.

97. Federal Defendants deny the allegations in Paragraph 97.

98. Federal Defendants deny the allegations in Paragraph 98.

99. Federal Defendants deny the allegations in Paragraph 99.

100. Federal Defendants deny the allegations in the first sentence of Paragraph 100 but aver that the *Federal Register* published the Threatened Status and Interim 4(d) rule for the northern long-eared bat on April 2, 2015. 80 Fed. Reg. 17974. The allegations in second sentence of Paragraph 100 purport to describe and characterize the Threatened Status and Interim 4(d) Rule and 50 C.F.R. § 17.40(o), which speak for themselves and are the best evidence of their contents.

Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's or regulation's plain language, meaning, and/or context. Federal Defendants deny the allegations in the third sentence of Paragraph 100.

101.   The allegations in Paragraph 101 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

102.   The allegations in Paragraph 102 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

103.   Federal Defendants admit the allegation that Center for Biological Diversity provided comments on the Interim 4(d) Rule. The remaining allegations in Paragraph 103 purport to describe and characterize Center for Biological Diversity's comments. Because Center for Biological Diversity's comments speak for themselves and are the best evidence of their contents, Federal Defendants deny the remaining allegations in Paragraph 103.

104.   Federal Defendants deny the allegations in Paragraph 104 as vague and ambiguous, but aver that the Service discussed the Interim 4(d) Rule with interested industries, environmental groups, and state organizations.

**D.**   **The Final 4(d) Rule**

105.   Federal Defendants admit the allegations in Paragraph 105.

106.   The allegations in Paragraph 106 purport to describe and characterize the Final 4(d) Rule for the Northern Long Eared Bat, 81 Fed. Reg. 1900 (Jan. 14, 2016) ("Final 4(d) Rule"),

which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context.

107.    The allegations in Paragraph 107 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context.

108.    The allegations in Paragraph 108 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context.

109.    The allegations in the first and second sentences of Paragraph 109 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context. Federal Defendants deny the allegations in the third sentence of Paragraph 109.

110.    The allegations in the first sentence of Paragraph 110 purport to describe and characterize the Proposed Rule for Listing, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context. The remaining allegations in Paragraph 110 purport to describe and characterize the Interim Conference and Planning Guidance, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Interim Conference and Planning Guidance's plain language, meaning, and/or context.

111.    The allegations in Paragraph 111 purport to describe and characterize the Interim 4(d) Rule and Final 4(d) Rule, which speak for themselves and are the best evidence of their

contents. Federal Defendants deny any allegations inconsistent with the Interim 4(d) Rule's or Final 4(d) Rule's plain language, meaning, and/or context.

112.   The allegations in the first, second, and third sentences of Paragraph 112 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context. Federal Defendants deny the allegations in the fourth sentence of Paragraph 112 as vague and ambiguous. The allegations in the fifth sentence of Paragraph 112 purport to describe and characterize a Service consultation document, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the consultation document's plain language, meaning, and/or context. Federal Defendants deny the remaining allegations in Paragraph 112 as vague and ambiguous.

113.   Federal Defendants admit the allegations in Paragraph 113.

114.   The allegations in Paragraph 114 purport to describe and characterize the Programmatic Biological Opinion on Final 4(d) Rule for the Northern Long-Eared Bat and Activities Excepted from Take Prohibitions ("Biological Opinion") and 50 C.F.R. § 402.02, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's or regulation's plain language, meaning, and/or context.

115.   Federal Defendants deny the allegations in Paragraph 115 that, "the agency fail[ed] [to] adequately analyze the impacts to northern long-eared bats from the loss of hibernacula as authorized under the final 4(d) rule." The remaining allegations in Paragraph 115 purport to describe and characterize the Biological Opinion, which speaks for itself and is the best evidence

of its contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's plain language, meaning, and/or context.

116.    The allegations in the first and third sentences of Paragraph 116 purport to describe and characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's plain language, meaning, and/or context. Federal Defendants deny the allegations in the second sentence of Paragraph 116 as vague and ambiguous.

117.    Federal Defendants deny the allegations in the first clause of the first sentence of Paragraph 117, "[p]rior Section 7 consultations were either based upon or called for greater protections around roost trees and hibernaculas," as vague and ambiguous. The remaining allegations in the first sentence of Paragraph 117 purport to describe and characterize the Biological Opinion and the Final 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's or the Final 4(d) Rule's plain language, meaning, and/or context. Federal Defendants deny the allegations in the first clause of the second sentence of Paragraph 117, "[p]rior Section 7 consultations and many scientific and other comments called for the marking and protection of all known roost tees," as vague and ambiguous. The remaining allegations in the second sentence of Paragraph 117 purport to describe and characterize the Biological Opinion and the Final 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's or the Final 4(d) Rule's plain language, meaning, and/or context. Federal Defendants deny the allegations in the third sentence of Paragraph 117, "[p]rior Section 7 consultations considered the impacts to northern long-eared bats during life stages," as vague and ambiguous. The remaining allegations in the third sentence of

Paragraph 117 purport to describe and characterize the Biological Opinion and the Final 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's or the Final 4(d) Rule's plain language, meaning, and/or context.

118.    Federal Defendants deny the allegations in the first, second, third, and fourth sentences of Paragraph 118. Federal Defendants admit the allegations in the fifth sentence of Paragraph 118 but aver that such NEPA process or review is not required prior to publishing the proposed rule or interim final 4(d) rule.

## CLAIMS FOR RELIEF

## FIRST CLAIM

**The Decision to List the Northern Long-Eared Bat as Threatened, Instead of Endangered, Violates the ESA and APA**

119.    In response to the allegations in Paragraph 119, Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

120.    The allegations in Paragraph 120 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

121.    The allegations in Paragraph 121 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

122.    The allegations in Paragraph 122 purport to describe and characterize the ESA and 50 C.F.R. § 424.11(b), which speak for themselves and are the best evidence of their contents Federal Defendants deny any allegations inconsistent with the ESA's or the regulation's plain language, meaning, and/or context.

123.     The allegations in Paragraph 123 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

124.     Federal Defendants deny the allegations in Paragraph 124.

125.     Federal Defendants deny the allegations in Paragraph 125.

## SECOND CLAIM

**By Relying Upon the Polar Bear Memo to Reach its Threatened Determination for the Northern Long-Eared Bat, the Service Violated the APA and ESA**

126.     In response to the allegations in Paragraph 126, Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

127.     The allegations in Paragraph 127 purport to describe and characterize the ESA and the APA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or APA's plain language, meaning, and/or context.

128.     Federal Defendants deny the allegations in Paragraph 128.

129.     Federal Defendants deny the allegations in Paragraph 129.

130.     Federal Defendants deny the allegations in Paragraph 130.

131.     Federal Defendants deny the allegations in Paragraph 131.

## THIRD CLAIM

**The Final 2014 SPR Policy's Interpretation of "Significant Portion of Its Range" Violates the ESA and is Otherwise Arbitrary and Capricious**

132.     In response to the allegations in Paragraph 132, Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

133.    The allegations in Paragraph 133 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

134.    Federal Defendants deny the allegations in Paragraph 134.

135.    Federal Defendants deny the allegations in Paragraph 135.

136.    Federal Defendants deny the allegations in Paragraph 136.

### FOURTH CLAIM

**The Service's final 4(d) rule for the northern long-eared bat violates the ESA, 16 U.S.C. §§ 1533(d), 1532, 1536, and is contrary to the APA, 5 U.S.C. § 706.**

137.    In response to the allegations in Paragraph 137, Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

138.    The allegations in Paragraph 138 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

139. The allegations in the first two clauses of Paragraph 139, "[i]f the Service violated the ESA and APA by listing the northern long-eared bat as threatened, the 4(d) rule must be vacated," are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations. The remaining allegations in Paragraph 139 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

140.    Federal Defendants deny the allegations in Paragraph 140.

141.    Federal Defendants deny the allegations in Paragraph 141.

142.    Federal Defendants deny the allegations in Paragraph 142.

## FIFTH CLAIM

### The Service Violated Section 7 of the ESA, 16 U.S.C. § 1536(a)(2), the Section 7 Regulations, and the APA in Its Consultations on the Final 4(d) Rule

143.     In response to the allegations in Paragraph 143, Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

144.     Federal Defendants deny the allegations in Paragraph 144.

145.     Federal Defendants deny the allegations in Paragraph 145.

146.     Federal Defendants deny the allegations in Paragraph 146.

147.     Federal Defendants deny the allegations in Paragraph 147.

## SIXTH CLAIM

### The Service Failed to Comply with NEPA, 42 U.S.C. §§ 4321-4347, the CEQ's Implementing Regulations, 40 C.F.R. §§ 1500.1-1508.28, and the APA, 5 U.S.C. § 706 in Adopting the Interim and Final 4(d) Rules

148.     In response to the allegations in Paragraph 148, Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

149.     The allegations in Paragraph 149 purport to describe and characterize the NEPA and 40 C.F.R. § 1500.1, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with NEPA's or the regulation's plain language, meaning, and/or context.

150.     The allegations in the first and second sentences of Paragraph 150 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants deny the remaining allegations in Paragraph 150.

151.     The allegations in Paragraph 151 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

152.     Federal Defendants deny the allegations in Paragraph 152.

## PRAYER FOR RELIEF

The remainder of the First Amended Complaint constitutes Plaintiffs' Prayer for Relief, which requires no response. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

All allegations in the First Amended Complaint that have not been specifically admitted, denied, or qualified, are hereby expressly denied.

## AFFIRMATIVE DEFENSES

1.    The First Amended Complaint fails to state a claim or claims upon which relief can be granted.

2.    The Court lacks jurisdiction over some or all of Plaintiffs' claims.

3.    Plaintiffs lack standing on all or some of their claims.

4.    Federal Defendants reserve the right to assert additional affirmative defenses during the course of litigation.

Wherefore, Federal Defendants pray that this Court enter judgment in their favor and against Plaintiffs, dismiss the First Amended Complaint against the Federal Defendants, deny all of Plaintiffs' claims for relief and costs, and grant such other relief as the Court may deem just and proper.


DATED:      July 1, 2016


                              Respectfully submitted,

                              JOHN C. CRUDEN, Assistant Attorney General
                              SETH M. BARSKY, Chief
                              MEREDITH L. FLAX, Assistant Chief

                              */s/ Kaitlyn Poirier*
                              KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
                              U.S. Department of Justice

Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 307-6623 (tel)
(202) 305-0275 (fax)
kaitlyn.poirier@usdoj.gov

/s/ *Lucinda Bach*
LUCINDA BACH, Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 616-9663 (tel)
(202) 305-0275 (fax)
lucinda.bach@usdoj.gov

Of Counsel for Federal Defendants:

STUART N. RADDE, Attorney Advisor
United States Department of the Interior
Office of the Solicitor

Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2016, a true and correct copy of the above Answer was

electronically filed with the Clerk of Court using CM/ECF. Copies of the Answer will be served

upon interested counsel via the Notices of Electronic Filing that are generated by CM/ECF.

/s/ *Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 307-6623 (tel)
(202) 305-0275 (fax)
kaitlyn.poirier@usdoj.gov