# Exhibit 12

In Support of Plaintiffs' Partial Motion for Summary Judgment
on Their Endangered Species Act Listing Claims

in

*Center for Biological Diversity et al., v. Jim Kurth et al.,* No. 1:15-cv-00477-EGS

and

*Defenders of Wildlife v. Jim Kurth et al.*, No. 1:16-cv-00910-EGS

Consolidated Cases

## DECLARATION OF TERRY PELSTER

I, Terry C. Pelster, declare as follows:

1. I am a current member of Defenders of Wildlife ("Defenders") and have been a member of the organization since 1985. The facts set forth in this declaration are based on my personal knowledge. If called as a witness, I could and would testify competently thereto under oath.

2. I have had a personal interest in bats for many years. Furthermore, I believe bats are critical to maintaining a food supply, and therefore to human survival.

3. I have had an interest in bat species since 1968, when I had an encounter with a baby fruit bat at the St. Louis Zoo. The baby fruit bat licked my finger, and I was hooked.

4. I have traveled extensively to Central and South America to view wildlife. During these trips, I encountered bats in places like Peru and Brazil. In 2002, on one of three trips to Chan Chich, in Belize, I participated in a workshop held by researchers on bats, including vampire bats.

5. Because of our interest in bat species, my husband and I have supported the organization Bat Conservation International for a number of years, and contributed over $100,000 towards the purchase and protection of habitat surrounding Bracken Cave, in Texas. Bracken Cave is home to the world's largest bat colony and is inhabited by millions of Mexican free-tailed bats.

6. In the past, I have observed bats around my home in Putnam County, New York, and have experienced enjoyment from viewing those bats. Our home is located on 11 acres of heavily wooded property in Putnam Valley. In the evenings, we would sit on our deck to watch the bats flying around. Northern long-eared bats were confirmed present in

Putnam County by surveys conducted in 2009. Furthermore, northern long-eared bats have been documented as historically present in Westchester County, the northern border of which is no more than a mile from my home.

7. In recent years, the bats I used to watch from my deck have disappeared. I have attempted to attract bats to the areas surrounding my home by placing a suitable bat house on the property.

8. Protection of the northern long-eared bat under the Endangered Species Act ("ESA"), such that northern long-eared bats may be recovered to their habitat in Putnam County, New York, where I hope to view them in the areas around my home, would further my deep personal interest in bat species.

9. Defenders advocates for scientifically-grounded decisions that give the benefit of the doubt to species conservation in the face of scientific uncertainty. Further, Defenders advocates for interpretations of the ESA that apply the full protections Congress intended for species endangered in all or a significant portion of the species' range. Because Defenders is concerned that the U.S. Fish and Wildlife Service ("Service") decision to list the northern long-eared bat as threatened rather than endangered in all or a significant portion of its range fails to reflect a rational assessment of the best available scientific information before it in light of the legal standards provided by the ESA, Defenders has brought suit to challenge that decision in the present action.

10. I share Defenders' concerns that the Service's decision not to list the northern long-eared bat as endangered in either all or a significant portion of its range fails to reflect a sound assessment of the best available scientific information in compliance with the standards of the Endangered Species Act. I am also concerned that the Service did not comply with

the law when it refused to analyze whether the northern long-eared bat is endangered in a significant portion of its range based on its significant portion of range policy.

11. The Service's failure to protect the northern long-eared bat as an endangered species harms my personal interest in observing the species for the spiritual and aesthetic benefit that I derive from that observation.

12. Even if the northern long-eared bat could lawfully be listed as threatened rather than endangered, I understand that Defenders is concerned that the Service's decision to provide only minimal protections from incidental take fails to reflect a rational assessment of the best available scientific information before it in light of the legal standards provided by the ESA. For that reason, I am advised that Defenders has also challenged the Service's decision to deny the northern long-eared bat the blanket take protection conferred on threatened species through 50 C.F.R § 17.31 by promulgating a special 4(d) rule. Furthermore, I understand that Defenders is concerned that the Biological Opinion evaluating the impacts of the 4(d) rule fails to reflect a rational assessment of the best available science in light of the legal standards of the ESA.

13. I share Defenders' concerns that the Service's final 4(d) rule, and the biological opinion for it, fail to reflect a rational assessment of the best available scientific information before it as per the standards of the ESA.

14. The Service's failure to provide full incidental take protection to the northern long-eared bat harms my personal interest in observing the species for the spiritual and aesthetic benefit that I derive from that observation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of March 2017, at Putnam Valley, New York.

Terry C. Pelster