UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*, <br><br> Plaintiffs, <br> v. <br><br> GREG SHEEHAN *et al.*, <br><br> Federal Defendants, <br><br> AMERICAN FOREST & PAPER ASSOCIATION *et al.*, <br><br> Defendant-Intervenors. | No. 1:15-cv-00477-EGS |
| DEFENDERS OF WILDLIFE, <br><br> Plaintiffs, <br> v. <br><br> GREG SHEEHAN *et al.*, <br><br> Federal Defendants, <br><br> AMERICAN FOREST & PAPER ASSOCIATION *et al.*, <br><br> Defendant-Intervenors. | No. 1:16-cv-00910-EGS <br> (Consolidated Case) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby notify the Court of a recent district court opinion that bears directly on the pending cross-motions for partial summary judgment. In *Alliance for the Wild Rockies v. Zinke*, Chief Judge Christensen of the District of Montana vacated and remanded the U.S. Fish and Wildlife Service's (FWS) determination that the Cabinet-Yaak distinct population segment of grizzly bears did not warrant uplisting from threatened to endangered under the Endangered

1

Species Act. — F. Supp. 3d —, CV 16-21-M-DLC, 2017 WL 3610545, *14 (D. Mont. Aug. 22, 2017) (Exhibit A).

The district court rejected FWS's reliance on the Polar Bear Memorandum's (Memo) interpretation of "in danger of extinction" to mean "currently on the brink of extinction in the wild" in the challenged determination. The court rejected FWS's argument that the Memo's interpretation warranted *Chevron* deference, because an agency's interpretation of a statute receives *Chevron* deference only where it is intended to have the force of law. *Id.* at *11–12 (citing *Nw. Ecosystem Alliance v. U.S. Fish and Wildlife Serv.*, 475 F.3d 1136, 1142 (9th Cir. 2007)). Instead, the court held that, "because the FWS only considers [the Memo] for guidance and not as a binding formal pronouncement with the force of law," the Memo's interpretation merits *Skidmore* deference at most. *Id.* at *12 (citation omitted). The court then determined that the Memo's interpretation should be afforded little to no deference under *Skidmore*. *Id.* at *12–14.[1]

The *Alliance for the Wild Rockies* opinion provides additional support for Plaintiffs' argument that the Memo's unreasonably narrow interpretation of "in danger of extinction" to mean "currently on the brink of extinction" does not warrant *Chevron* deference and that its application to the northern long-eared bat to list the species as threatened rather than endangered was arbitrary and capricious. Pl. Br. (ECF No. 52) at 23–26, 23 n.10; Pl. Reply Br. (ECF No. 59) at 3–9.

---

[1] Here, neither Defendants nor Intervenors have argued in the alternative that this Court should review the Memo's interpretation under the lesser *Skidmore* standard should it find that the interpretation does not warrant *Chevron* deference. ECF No. 53 (Defendants' Brief), ECF No. 56 (Intervenors' Brief).

| | |
|---|---|
| Date: September 11, 2017 | Respectfully submitted, |
| */s/ Ryan Shannon* | */s/ Jane P. Davenport* |
| Ryan Shannon (D.C. Bar No. OR 00007) | Jane P. Davenport (D.C. Bar. No. 474585) |
| CENTER FOR BIOLOGICAL DIVERSITY | DEFENDERS OF WILDLIFE |
| P.O. Box 11374 | 1130 17th St NW |
| Portland, OR 97211 | Washington, DC 20036 |
| (214) 476-8755 (tel) | (202) 772-3274 (tel) |
| rshannon@biologicaldiversity.org | jdavenport@defenders.org |
| Counsel for Plaintiffs Center for Biological Diversity, Sierra Club, Coal River Mountain Watch, and Ohio Valley Environmental Coalition | Counsel for Plaintiff Defenders of Wildlife |