UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) | No. 1:15-cv-00477-EGS |
| v. | ) ) | |
| AUERLIA SKIPWITH *et al.*, | ) ) | |
| Federal Defendants, | ) ) | |
| AMERICAN FOREST & PAPER ASSOCIATION *et al.*, | ) ) ) | |
| Defendant-Intervenors. | ) ) | |
| DEFENDERS OF WILDLIFE, | ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | No. 1:16-cv-00910-EGS (Consolidated Case) |
| AUERLIA SKIPWITH *et al.*, | ) ) | |
| Federal Defendants, | ) ) | |
| AMERICAN FOREST & PAPER ASSOCIATION *et al.*, | ) ) ) | |
| Defendant-Intervenors. | ) ) | |

**PLAINTIFFS' STATUS REPORT AND REQUEST FOR A SCHEDULING ORDER**

Following the issuance of the D.C. Circuit's mandates after the voluntary dismissal of both Federal Defendants' and Defendant-Intervenors' appeals of this Court's Order and Memorandum Opinion, ECF 80, 81, on cross-motions for partial summary judgment, Plaintiffs submit this status report apprising the Court of the outstanding issues in this case.

1

Plaintiffs respectfully request that this Court lift the administrative stay and issue a scheduling order for Plaintiffs' forthcoming motion for remedy on a date certain for Federal Defendants to make a new listing decision for the northern long-eared bat consistent with this Court's Order and Memorandum Opinion. Plaintiffs also inform the Court of their proposal to stay resolution of their outstanding claims and of their intention to seek interim attorneys' fees and costs following completion of remedy briefing.

Plaintiffs' counsel conferred with counsel for Federal Defendants and Defendant-Intervenors via teleconference and email regarding this status report and Plaintiffs' proposed briefing schedule on their forthcoming motion for remedy.

## Summary of Proceedings

Plaintiffs challenged two separate but related decisions by the U.S. Fish and Wildlife Service in this consolidated matter: the April 2015 rule listing the northern long-eared bat as threatened rather than endangered under the Endangered Species Act and the January 2016 final 4(d) rule for the species and associated environmental documents. In a Minute Order dated January 13, 2017, the Court bifurcated this matter into two phases, with cross-motions for partial summary judgment addressing Plaintiffs' listing rule claims scheduled to precede the disposition of Plaintiffs' final 4(d) rule claims.

Briefing of the parties' cross-motions for partial summary judgment on Plaintiffs' listing rule claims was completed on September 29, 2017. ECF No. 65. On January 28, 2020, this Court issued an Order and Memorandum Opinion granting, in part, Plaintiffs' partial motion for summary judgment and remanding without vacatur the threatened listing decision for the northern long-eared bat. ECF 80, 81. This decision resolved the merits of Plaintiffs' respective listing claims. *See* ECF 27 at ¶¶ 119–36 (Center for Biological Diversity *et al.* first amended

complaint Claims I–III); Case 1:16-cv-00910-EGS, ECF 1 at ¶¶ 154–67 (Defenders of Wildlife complaint Claims I–II). The Court did not order Federal Defendants to complete a new rule on remand by a date certain. The Court did not direct the entry of a final judgment as to Plaintiffs' listing claims pursuant to Fed. R. Civ. P. 54(b) or as to Plaintiffs' consolidated cases as a whole pursuant to Fed. R. Civ. P. 58. On March 31, 2020, Court entered a minute order directing the Clerk of Court to administratively close this case.[1]

Notwithstanding that no final judgment had been entered under Fed. R. Civ. P. 54(b) as to Plaintiffs' listing claims, Federal Defendants and Defendant-Intervenors appealed this Court's Order to the U.S. Court of Appeals for the District of Columbia on March 30 and April 3, 2020, respectively. ECF 82, 84. Subsequently, both Federal Defendants and Defendant-Intervenors voluntarily dismissed their appeals. *See Center for Biological Diversity v. Skipwith*, 20-5075, Doc. 1841267 (D.C. Cir. May 4, 2020) (Defendant-Intervenors); *id.* Doc. 1850480 (D.C. Cir. July 7, 2020) (Federal Defendants). The D.C. Circuit issued mandates restoring this Court's jurisdiction over this matter on May 13, 2020, ECF 86, and July 15, 2020, ECF 87.

The Court has not yet reached the merits of Plaintiffs' remaining claims. *See* ECF 27 at ¶¶ 137–52 (Center for Biological Diversity *et al*. first amended complaint Claims IV–VI); Case 1:16-cv-00910-EGS, ECF 1 at ¶¶ 168–86 (Defenders of Wildlife complaint Claims III–V).

---

[1] In the absence of an order directing entry of final judgment in whole or in part on their listing and final 4(d) rule claims, Plaintiffs believe the March 31, 2020 minute order to have been analogous to an administrative stay. *See St. Marks Place Hous. Co. v. U.S. Dep't of Hous. & Urban Dev.*, 610 F.3d 75, 80–81 (D.C. Cir. 2010) (noting statutory requirements of the Civil Justice Reform Act for judicial reporting and quoting *Mire v. Full Spectrum Lending Inc*., 389 F.3d 163, 167 (5th Cir. 2004) ("The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; *i.e.*, administratively closed cases are not counted as active."); *see also Ali v. Pruitt*, 727 F. App'x 692, 695 (D.C. Cir. 2018) (same).

Request to Lift Administrative Stay and Enter Scheduling Order

Shortly after Federal Defendants filed their notice of appeal, Plaintiffs and Federal Defendants began discussions to determine whether they could reach a mutually acceptable resolution of the issue of dates certain for new proposed and final listing determinations for the northern long-eared bat. Those discussions over the past several months have not been fruitful.

Given the nearly eight months that have elapsed since this Court's Order and Memorandum Opinion on Plaintiffs' listing claims, to avoid further delay in establishing a deadline for Federal Defendants to comply with the law and render a new listing decision on the critically imperiled northern long-eared bat, Plaintiffs will file a motion for remedy requesting an order establishing dates certain for new proposed and final rules.

Plaintiffs respectfully request that the Court lift the administrative stay and enter the following schedule on their motion for remedy:

- October 2, 2020: Plaintiffs' opening motion due

- October 30, 2020: Federal Defendants' and Defendant-Intervenors' oppositions due

- November 13, 2020: Plaintiffs' reply due

Other Outstanding Matters

Plaintiffs propose to stay the resolution of their final 4(d) rule claims through February 26, 2021, to determine whether the need to proceed to summary judgment still remains.

Plaintiffs also notify the Court and the parties that they intend to seek interim attorneys' fees and costs following the completion of briefing on their motion for remedy.

Date: September 11, 2020

*/s/ Ryan Adair Shannon*
Ryan Adair Shannon (D.C. Bar No. OR 0007)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 11374
Portland, OR 97211
(971) 717-6407
rshannon@biologicaldiversity.org

Counsel for Plaintiffs Center for
Biological Diversity, Sierra Club,
Coal River Mountain Watch, and
Ohio Valley Environmental Coalition

Respectfully submitted,

*/s/ Jane P. Davenport*
Jane P. Davenport (D.C. Bar. No. 474585)
DEFENDERS OF WILDLIFE
1130 17th St NW
Washington, DC 20036
(202) 772-3274
jdavenport@defenders.org

Counsel for Plaintiff Defenders of Wildlife