UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARGARET EVERSON, *et al.*,<br><br>    Defendants<br><br>and<br><br>AMERICAN FOREST & PAPER ASSOCIATION, *et al.*,<br><br>Defendant-Intervenors. | Civil Action No. 15-477 (EGS) |
| DEFENDERS OF WILDLIFE,<br><br>    Plaintiff,<br><br>    v.<br><br>MARGARET EVERSON, *et al.*,<br><br>    Defendants<br><br>and<br><br>AMERICAN FOREST & PAPER ASSOCIATION, *et al.*,<br><br>Defendant-Intervenors. | Civil Action No. 16-910 (EGS)<br>(Consolidated with 15-cv-477) |

**<u>ORDER</u>**

On January 28, 2020, the Court remanded, but at the request of Plaintiffs did not vacate, the threatened listing

determination for the northern long-eared bat ("Bat") to the U.S. Fish and Wildlife Service ("FWS") to make a new listing decision consistent with the Court's determination that the listing decision was unlawful. *See Center for Biological Diversity v. Everson*, 435 F. Supp. 3d 69 (2020). Pending before the Court is Plaintiffs' Motion for Order on Remedy, in which Plaintiffs request that the Court order FWS to issue a new proposed rule and final listing determination within eighteen months of the date of the Order. *See* Pls.' Mot. for Order on Remedy, ECF No. 90 at 7.[1] Federal Defendants oppose Plaintiffs' motion. *See generally* Fed. Defs.' Opp'n ("Opp'n"), ECF No. 93. Defendant-Intervenors take no position on Plaintiffs' motion. *See* Def.-Intervenors' Notice of Position on Motion for Order on Remedy, ECF No. 92 at 2.

Federal Defendants "acknowledge that the Court has the equitable power to shape an appropriate remedy in this case, including setting a deadline for FWS to complete a new listing determination for the [Bat]." Opp'n, ECF No. 93 at 3 (citing *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 137 (D.D.C. 2010). Federal Defendants, however, assert that "the Court should not exercise its equitable powers in this case."

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

*Id*. The sole case in this Circuit that Federal Defendants cite in support is *Center for Biological Diversity v. Environmental Protection Agency,* in which the court stated*,* "the function of the reviewing court ends when an error of law is laid bare. At that point the matter once more goes to the [agency] for reconsideration." 861 F. 3d 174, 189 n.12 (D.C. Cir. 2017). Federal Defendants' reliance on this case is misplaced because it did not involve a remand of an unlawful listing determination. Furthermore, Federal Defendants have already conceded the Court's equitable power to set a deadline for the listing decision here. *See* Opp'n, ECF No. 93 at 3.

In the alternative, Federal Defendants ask the Court to adopt FWS's schedule for completing the listing determination. *Id*. at 4. Under FWS's schedule, a final listing determination would be made between August 31, 2023 and February 24, 2024. *Id*. Federal Defendants state that since the remand, "FWS has been working diligently to complete a new listing determination for the [Bat]" and that "[a]s part of that process, FWS is also analyzing whether two other bat species that face similar threats to the [Bat]" should be listed as endangered or threatened. *Id*. at 2. Federal Defendants assert that Plaintiffs' proposed deadline "is arbitrary, unworkable, elevates an already-protected species over others awaiting listing determinations, and is less likely to result in the agency being

3

able to produce a legally defensible decision." *Id*. at 2, 3. The Court is not persuaded by Federal Defendants' arguments.

First, the Endangered Species Act ("ESA") requires FWS to take final action on a listing petition within two years. *See* 16 U.S.C. § 1533(b)(3)(A)-(B). While this timeframe does not apply to the remand here, it informs the Court's shaping of an equitable remedy. Here, FWS's proposal to complete the listing determination for the Bat an extraordinary three and a half to four years after the Court remanded the listing determination in January 2020 is unreasonable. *See Defenders of Wildlife v. Norton*, 239 F. Supp. 2d 9, 22 (D.D.C. 2002) (noting that "excessive delay runs completely counter to the mandate of the ESA"). Second, although FWS asserts that Plaintiffs' proposed timeframe is "unworkable," FWS chose to combine the analysis of the Bat, which is the subject of the Court's remand, with two other bat species that are not subject to the remand. It is a matter of common sense that the analysis of three bat species concurrently will be more time consuming than the analysis of the species that is the subject of the remand. Third, in enacting the ESA, Congress intended "that *all* Federal departments and agencies shall seek to conserve[2] endangered

---

[2] The ESA defines "conserve" as "to use and the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which

4

species and threatened species and shall utilize their authorities in furtherance of the purposes [of the ESA.]" 16 U.S.C. § 1531(c)(1). The ESA "require[s] the FWS to take preventative measures before a species is 'conclusively' headed for extinction." *Defenders of Wildlife v. Babbitt*, 958 F. Supp. 670, 680 (1977). Accordingly, the Court is unpersuaded by Federal Defendants' attempt to delay adequately protecting the Bat on the ground that there are other imperiled species or that FWS will have difficulty fulfilling its statutory duties.

Federal Defendants state that FWS has been working on the Species Status Assessment[3] ("SSA") for all three bat species since March 2020 and anticipates completing it by May 2021. Opp'n, ECF No 93 at 7. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Order on Remedy is **GRANTED IN PART and DENIED IN PART**; and it is further

---

the measures provided pursuant to this Act are no longer necessary." 16 U.S.C. § 1532(3).
[3] "The purpose of an SSA is to synthesize the best scientific and commercial information available for assessing the current and future status of a species into a single document." Nordstrom Decl., ECF No. 91-3 ¶ 10.

5

**ORDERED** that FWS shall issue a new proposed rule and final listing determination under the ESA for the Bat, consistent with the Court's Order and Memorandum Opinion of January 28, 2020, ECF Nos. 80, 81, within eighteen (18) months of the completion of the SSA for the Bat.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan
            United States District Judge
            March 1, 2021**